**James SHEAVES**

v.

**ESTRELA CORPORATION.**

No. 57-374-F.

United States District Court
D. Massachusetts.

June 29, 1959.

Morris D. Katz, Boston, Mass., for plaintiff.

Kneeland & Splane, Herbert C. Splane, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff seaman in this action sought in Count I to recover damages for personal injuries allegedly caused by the negligence of the defendant, in Count II to recover damages for the same injuries allegedly caused by failure of defendant to provide a seaworthy vessel, and in Count III to recover maintenance and cure.

Trial of the case resulted in a verdict for defendant on Counts I and II. Count III was not submitted to the jury but the court on this count made an award in favor of plaintiff.

Plaintiff has submitted a bill of costs in the amount of $259.26 and defendant in the amount of $286.34. Plaintiff contends he is entitled to costs because he recovered on Count III and is therefore the prevailing party. Defendant contends that it should be regarded as the

prevailing party as to Counts I and III and should be awarded its costs as to these counts.

Plaintiff, it is true, has recovered judgment on one of its claims and to this extent has prevailed. However, defendant may quite properly be said to have prevailed as to two of the three counts. The maintenance and cure count and the indemnity counts could have been made subjects of two separate actions, in which case of each these parties would clearly have been the prevailing party in one of the actions and the losing party in the other. Moreover, the counts on which defendant won here were the ones which involved the more substantial claims and were the ones substantially contested at the trial. Defendant did not contest plaintiff's right to some recovery of maintenance, and the parties stipulated as to the daily rate for maintenance and as to an amount included in the award for transportation to and from the hospital for treatment. The only question for the court was as to the number of days for which plaintiff was entitled to recover his maintenance.

Each party has in fact prevailed in part in this action. One possible solution might be to apportion the costs, allowing to each so much of his costs as are attributable to the count or counts on which he prevailed. But while the indemnity and maintenance and cure counts are for distinct causes of action, the facts are inseparably intertwined. It would probably be impossible to say that any witness who testified at the trial or on deposition testified solely as to any one of these counts. Many of the facts testified to were relevant on all of the counts. Apportionment of the costs would require an analysis of the testimony of each witness, and at best the apportionment would have to be on the basis of a somewhat arbitrarily selected percentage.

On the whole the fairest solution in the present case is to leave each party to bear its own costs. Judgment in this action will be without costs to either party.